UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAHBAZ H.,

Petitioner,

v.

WARDEN CHARLES GREEN, et al.,

Respondents.

Civil Action No. 19-8052 (SDW)

OPINION

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Shahbaz H., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 6). Petitioner did not file a reply. (ECF Docket Sheet). For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Pakistan who initially entered this county in 1998 as a non-immigrant visitor. (Document 1 attached to ECF No. 1 at 28). Petitioner remained beyond the term of his visa without authorization, however. (*Id.*). While he remained in this country, Petitioner was convicted of theft by deception in New Jersey in 2012. (*Id.*). Based on this history, Petitioner was taken into immigration custody in May 2018, and has remained in immigration detention since that time. (ECF No. 1 at 9). On September 4, 2018, Petitioner was ordered removed by an immigration judge. (*Id.*; *see also* Document 1 attached to ECF No. 6 at 1). Petitioner did not appeal, and he therefore became subject to a final order of removal a month later in October 2018. (Document 1 attached to ECF No. 6 at 1). Petitioner has been detained pursuant

to 8 U.S.C. § 1231(a) since that time. (*Id.*). On April 18, 2019, Petitioner was brought before an immigration judge for a bond hearing pursuant to the Third Circuit's decision in *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018). (Document 2 attached to ECF No. 6 at 1, 3). Following that hearing, Petitioner was denied bond as the immigration judge found Petitioner was a flight risk. (*Id.*). Petitioner does not appear to have appealed that decision to the Board of Immigration Appeals. (ECF No. 6 at 1-2). Ten days later, on April 28, 2019, the Pakistani Consulate issued a travel document for Petitioner so that he could be removed back to Pakistan. (Document 3 attached to ECF No. 6 at 1-2).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition, Petitioner contends that his continued immigration detention has become overlong and that he should therefore either receive a bond hearing or be released. In order to evaluate the merits of Petitioner's claim, this Court must first determine the statutory basis for Petitioner's detention. In his habeas petition, Petitioner appears to contend that his detention arises out of either 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231(a). Because Petitioner is subject to an administratively final order of removal and does not appear to dispute that fact, his detention arises out of § 1231(a), which applies to post-final order detention, and not § 1226(c). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-72 (3d Cir. 2012). Because Petitioner is subject to a final order of removal and is now detained pursuant to § 1231(a), any challenge Petitioner may have had regarding his previous detention under § 1226(c) is effectively moot as he is no longer detained under § 1226. *See, e.g., Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (entry of final order of removal in the form of dismissal of appeal by the BIA renders challenges to pre-final order detention under § 1226 moot).

As Petitioner is currently detained pursuant to § 1231(a), has already received the bond hearing to which he was entitled under *Guerrero-Sanchez*, and has not argued that his *Guerrero-Sanchez* hearing was in any way deficient, he would only be entitled to relief from his current immigration detention if he could establish that he is entitled to release under *Zadvydas*. In *Zadvydas*, the Supreme Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The *Zadvydas* Court further held that the statute does not limit post-removal order detention to this ninety day period – instead the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to

effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary duration of removal proceedings, the Court ultimately determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701. Even where an alien's detention exceeds this presumptive period, however, the alien does not automatically become entitled to relief from immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish its continued authority to detain only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner has failed to show that there is good reason to believe that there is no significant likelihood of his removal to Pakistan in the reasonably foreseeable future. Instead, the record indicates that Pakistan has issued a travel document which would permit Petitioner's removal to Pakistan, and Petitioner has failed to present any argument or information which indicates that his removal is not likely to occur now that a travel document has been issued. Because Petitioner has failed to show that his removal is unlikely in the reasonably foreseeable future, and as the facts of this matter instead suggest that Petitioner's removal is imminent insomuch as he has received a travel document and there appears to be no further impediment to his removal, Petitioner has failed to show that he is entitled to relief under *Zadvydas*. As Petitioner has already received the bond hearing he was due under *Guerrero-Sanchez*, and as Petitioner has failed to show his entitlement to relief under *Zadvydas*, Petitioner's habeas petition is denied.

.

**III. CONCLUSION**

For the reasons expressed above, this Court denies Petitioner's habeas petition (ECF No. 1) without prejudice.  An appropriate order follows.


Dated: July 1, 2019

                                              *s/ **Susan D. Wigenton***
                                              Hon. Susan D. Wigenton,
                                              United States District Judge